Bevmore Corporation v. Commissioner.
Bevmore Corp. v. Commissioner
Docket No. 51996.
United States Tax Court
T.C. Memo 1956-101; 1956 Tax Ct. Memo LEXIS 191; 15 T.C.M. (CCH) 513; T.C.M. (RIA) 56101; April 30, 1956
*191 In 1949, petitioner corporation purchased merchandise in India and borrowed pounds sterling from a bank to make payment. It purchased pounds sterling to repay the bank for less than the prevailing rate of exchange when the pounds were borrowed and, hence, realized a substantial gain. Held, the gain realized by petitioner is a gain arising directly out of its trade or business from the settlement of a debt incurred therein for less than its face amount and, hence, is taxable as ordinary income. America-Southeast Asia Co., 26 T.C. -, decided this day, followed. William M. Pollack, Esq., 580 Fifth Avenue, New York, N. Y., for the petitioner. James E. Markham, Jr., Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves a deficiency in income tax for the year 1949 in the amount of $2,397.07. The only issue is whether the gain realized by petitioner from the repayment of a debt owed in British pounds sterling, incurred in its trade or business, with devalued pounds sterling is taxable as ordinary income or as a short-term capital gain. All of the facts were stipulated, are so found, and are incorporated herein by this reference. *192 [Findings of Fact] Petitioner is a New York corporation with its principal place of business in the City of New York. It filed its corporate income tax return for the fiscal year ended October 31, 1949, with the former collector of internal revenue for the second district of New York. It kept its books and reported its income on the accrual method of accounting. On July 20, 1949, petitioner, through its agent, Hayes G. Shimp, Inc., established letters of credit in British pounds sterling with the National City Bank for the purpose of making purchases in India for use in its business. Such purchases, in the total amount of 13,683/6/8 pounds sterling, were made between July 20 and September 18, 1949. Such purchases were paid for by the National City Bank in pounds sterling upon presentation of the bills of lading by the shippers. Upon payment by the bank, petitioner entered the cost of the purchases on its books by converting the pounds sterling to United States dollars at the rate of exchange - $4.03 per pound - on the date the purchases were made. The total amount so charged to purchases for the merchandise was $55,143.84. At the same time, corresponding entries were made *193 on petitioner's books reflecting its debt to the National City Bank in the total amount of 13,683/6/8 pounds sterling or $55,143.84. The British pound sterling was devalued on September 18, 1949. Prior to that time, petitioner's agent, on its instructions, purchased 6,841/13/4 pounds sterling at $3.79 per pound for the purpose of repaying the National City Bank. The agent purchased the remaining 6,841/13/4 pounds sterling after the pound had been devalued, at an exchange rate of $2.81-1/4. The total cost to petitioner to satisfy its debt to the National City Bank was $45,172.11. The difference in such amount and the value of pounds sterling borrowed from the bank - $9,971.73 - was credited by petitioner to its surplus account and was not reported as income for tax purposes on its return for the year 1949. The respondent determined that such difference constituted ordinary income or, in the alternative, a capital gain. [Opinion] At the hearing, petitioner conceded that such difference was a taxable gain and stipulated that our holding in the case of America-Southeast Asia Co., 26 T.C. -, decided this day, is controlling here as to whether such gain is taxable as ordinary income *194 or as a capital gain. On the authority of that case, we hold that the gain in question here, while measured by the difference in the value of pounds at the time they were borrowed and the value when they were repaid, is a gain arising directly out of petitioner's trade or business from the settlement of a debt incurred therein for less than its face amount and such gain is, therefore, taxable as ordinary income. Decision will be entered for the respondent.